IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA LOUISE NOLL, | No. 3:18-CV-02145 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Cohn) |
| ANDREW SAUL,[1] *Commissioner of Social Security*, | |
| Defendant. | |

### ORDER

#### SEPTEMBER 2, 2020

Andrea Louise Noll filed this action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying Noll's claim for supplemental security income.[2] In August 2020, Magistrate Judge Gerald B. Cohn issued a Report and Recommendation recommending that this Court vacate the Commissioner's decision, remand this matter for further proceedings, and close this case.[3] The Commissioner filed timely objections to a portion of the recommendation, asserting that Magistrate Judge Cohn erred in recommending that this matter be remanded for consideration of the findings of a single decision-maker ("SDM").[4]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul, as the successor officer to Nancy Berryhill, Acting Commissioner of Social Security, is automatically substituted as Defendant in this action.
[2] Docs. 1, 13.
[3] Doc. 18.
[4] Doc. 19.

The Commissioner does not contest Magistrate Judge Cohn's conclusion that the administrative law judge ("ALJ") failed to adequately account for mental limitations imposed by a consulting physician.[5]

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[6] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[7] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[8] Because the Commissioner timely objected to a portion of Magistrate Judge Cohn's recommendation, that portion is reviewed de novo, while the remainder of the Report and Recommendation is reviewed only for clear error.[9]

The Court will sustain the objections to the extent that the Commissioner asks that this Court not indicate on remand that the ALJ must consider the determination

---

[5] *Id.*
[6] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[7] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[9] *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct de novo review of portions of recommendation to which no party files specific objections).

of the SDM, as such a determination "is not to be accorded any evidentiary weight when an ALJ is deciding a case at the hearing level."[10] However, upon review of the record, the Court finds no clear error in Magistrate Judge Cohn's determination that the ALJ failed to adequately account for mental limitations imposed by a consulting physician and, thus, that the ALJ's decision is not supported by substantial evidence. Consequently, **IT IS HEREBY ORDERED** that:

1. The Commissioner's Objections (Doc. 19) are **SUSTAINED**;

2. Magistrate Judge Gerald B. Cohn's Report and Recommendation (Doc. 18) is **ADOPTED** in part;

3. The Commissioner's decision is **VACATED**, and this matter is **REMANDED** for further proceedings;

4. Final Judgment is entered in favor of Plaintiff and against Defendant pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[10] *Saez v. Colvin*, 216 F. Supp. 3d 497, 506 n.1 (M.D. Pa. 2016).